UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROGER K. JONES,

Plaintiff,

-v- 1:11-CV-142

THE UNITED STATES OF AMERICA and
ALBANY MEDICAL CENTER HOSPITAL,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES: OF COUNSEL:

DREYER BOYAJIAN LLP
Attorneys for Plaintiff
75 Columbia Street
Albany, NY 12210

JOHN B. CASEY, ESQ.

HON. RICHARD S. HARTUNIAN
United States Attorney for the
Northern District of New York
Attorneys for Defendant United States
of America
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

DIANE CAGINO, ESQ.
Ass't United States Attorney

MAYNARD, O'CONNOR, SMITH &
CATALINOTTO, LLP
Attorneys for Defendant Albany Medical
Center Hospital
6 Tower Place
Albany, NY 12203

BRUCE A. BELL, ESQ.
MARK G. MITCHELL, ESQ.

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

### I. INTRODUCTION

Plaintiff Roger K. Jones ("plaintiff" or "Jones") brought this action against the United States of America (the "Government") and Albany Medical Center Hospital ("Albany Medical") alleging medical malpractice and lack of informed consent. Plaintiff's claims against the Government are asserted under the Federal Tort Claims Act ("FTCA") while the claims against Albany Medical are brought under New York law.

Defendant Albany Medical moved to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule __") for lack of subject matter jurisdiction; or in the alternative for summary judgment pursuant to Rule 56 on its tenth affirmative defense of statute of limitations. Plaintiff opposed and Albany Medical replied. The Government took no position on the motion. The motion was taken on its submissions without oral argument.

### II. BACKGROUND

The following facts are undisputed. The Veterans Administration Medical Center (the "VA Hospital") and Albany Medical are both hospitals in Albany, New York. At the time in question, plaintiff was a patient at the VA Hospital. On January 8, 2008, his attending vascular surgeons scheduled him for an open repair of an infrarenal abdominal aortic aneurysm. The surgery was scheduled to take place at the VA Hospital on February 7, 2008. His doctors ordered a diagnostic angiogram to be conducted the day before the surgery, on February 6, 2008, at Albany Medical.[1]

[1] The angiogram was performed at Albany Medical because the VA Hospital does not have an interventional radiology department.

On February 6, 2008, Jones underwent the scheduled angiogram at Albany Medical. The next day, Dr. William Lloyd performed the scheduled vascular surgery at the VA Hospital. Plaintiff failed to produce urine after the surgery and was diagnosed with oligoanuric acute renal failure. As a result, he was required to undergo hemodialysis three times per week, indefinitely. On February 12, 2008, he was transferred from the VA Hospital to Albany Medical for placement of a tunneled hemodialysis catheter. According to Jones, the cause of his renal failure was likely "dye induced nephropathy."

Plaintiff first alleges the angiogram should not have been scheduled within twenty four hours of the surgery. Second, he asserts neither Albany Medical nor the VA Hospital took appropriate precautions, including properly hydrating him, to prevent dye induced nephropathy. Third, he alleges excessive contrast was used during the angiogram. Fourth, he contends the physicians at both hospitals failed to communicate regarding his relevant medical history and failed to guard against dye induced nephropathy. Finally, Jones claims both institutions failed to obtain his informed consent to the procedures.

On July 15, 2010, plaintiff filed a timely medical malpractice action in New York State court against Albany Medical. Then, on February 8, 2011, after exhausting his administrative remedies through the Veterans Administration as required, Jones filed this timely FTCA action against the Government in federal court. On March 3, 2011, plaintiff filed an amended complaint in this case adding Albany Medical as a defendant. Plaintiff's counsel requested Albany Medical stipulate to discontinue the state court action and consent to jurisdiction in this FTCA action, but Albany Medical refused. Albany Medical then filed the instant motion.

On November 3, 2011, plaintiff's counsel filed a letter advising that plaintiff died on October 31, 2011. See Dkt. No. 24. The letter stated that plaintiff had recently underwent

cardiac by-pass surgery, but the full details of his death were not yet known. Plaintiff's counsel advised that he intended to submit a substitution of the Estate for the plaintiff. He advised this would occur after an administrator is appointed and Limited Letters obtained from Surrogate's Court in Saratoga County. Counsel also indicated his intention to amend the complaint to allege a wrongful death claim.

That same day, United States Magistrate Judge Randolph F. Treece entered a Text Order staying the deadlines for joinder of parties and amendment of pleadings. See Dkt. No. 25. The stay did not extend to discovery nor Albany Medical's pending motion. Judge Treece stayed all other proceedings, excluding this motion, until such time as the Estate has been substituted as the plaintiff. To date a substitution has not been filed.

## III. DISCUSSION

### A. Supplemental Jurisdiction

Defendant Albany Medical contends that supplemental (or pendent) jurisdiction should not be exercised over plaintiff's state law medical malpractice claims. Plaintiff argues it should be exercised because the medical malpractice claims against both defendants derive from a common nucleus of operative fact.

Title 28 of the United States Code, section 1367 provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Claims are sufficiently related if they "derive from a common nucleus of operative fact, such that the relationship between the federal claim and the state claim

permits the conclusion that the entire action before the court comprises but one constitutional case." City of Chi. v. Int'l Coll. of Surgeons, 522 U.S. 156, 165, 118 S. Ct. 523, 529 (1997) (internal quotations omitted). Section 1367 however does not require supplemental jurisdiction to be exercised, even if the above test is satisfied. The statute enumerates the following circumstances in which district courts can refuse to exercise supplemental jurisdiction: (1) if the claim raises a novel or complex issue of state law; (2) if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) if the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, if there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Therefore, supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." Int'l Coll. of Surgeons, 522 U.S. at 172, 118 S. Ct. at 533 (internal quotations omitted); see also Oneida Indian Nation of N.Y. v. Madison Cnty., 665 F.3d 408, 437 (2d Cir. 2011). With this in mind, "district courts should deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." Int'l Coll. of Surgeons, 522 U.S. at 172–73, 118 S. Ct. at 533 (internal quotations omitted).

Plaintiff asserts medical malpractice claims against both the VA Hospital and Albany Medical. He alleges both defendants failed to obtain his informed consent to the procedures and departed from accepted practices in scheduling and performing the angiogram. Specifically, Jones argues defendants used excessive contrast within twenty four hours of vascular surgery without sufficient hydration. The alleged malpractice of both defendants on successive days relates to the same condition being treated (the repair of the infrarenal abdominal aortic aneurysm) and the same resulting injury (the renal failure). While the

alleged malpractice occurred on different days and at different institutions, the treatment was related and the malpractice claims arise from a common nucleus of operative fact. Therefore supplemental jurisdiction is permissible under § 1367(a).

Further, there are no exceptional circumstances under which to decline supplemental jurisdiction. None of the factors enumerated in § 1367(c) are present here. New York law will be applied to the medical malpractice claims against both defendants. See 28 U.S.C. § 1346(b)(1) (directing district courts to apply the law of the state where the act or omission occurred in FTCA cases). Further, the state law claims do not predominate over the federal claims and there are no other compelling reasons to decline jurisdiction. "[P]rinciples of economy, convenience, fairness, and comity" would be best served by exercising supplemental jurisdiction over the state law claims against Albany Medical. See Int'l Coll. of Surgeons, 522 U.S. at 172–73, 118 S. Ct. at 533.

Accordingly, defendant Albany Medical's motion to dismiss for lack of subject matter jurisdiction will be denied.

**B. Statute of Limitations**

In the event supplemental jurisdiction is exercised, Albany Medical argues plaintiff's action must be dismissed because it is time-barred under New York Civil Practice Law and Rules section 214-a.

Section 214-a provides that "an action for medical, dental or podiatric malpractice must be commenced within two years and six months of the act, omission or failure complained of." N.Y. C.P.L.R. Law § 214-a (McKinney 2011). Where there is "continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure," a plaintiff has two and a half years from the date of the last treatment to bring suit.

Id. This is known as the continuous treatment doctrine. See e.g., Cox v Kingsboro Med. Group, 88 N.Y.2d 904, 906, 669 N.E.2d 817, 818 (1996) ("The continuous treatment doctrine tolls the Statute of Limitations for a medical malpractice action 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint.'"). Claims of medical malpractice based on lack of informed consent are also subject to the two and a half year statute of limitations. See N.Y. Pub. Health Law § 2805-d (McKinney 2011).

Plaintiff's claims against Albany Medical accrued on the date the alleged malpractice took place. At the earliest that date was February 6, 2008, the day the diagnostic angiogram was conducted at Albany Medical. The statute of limitations ran two and a half years later on August 6, 2010. Even using the continuous treatment doctrine to toll the last day of treatment to February 12, 2008, the date Jones returned to Albany Medical for placement of a catheter, the statute of limitations ran on August 12, 2010. Plaintiff brought this suit against Albany Medical via amended complaint filed March 3, 2011. March 3, 2011, is well past August 12, 2010.

Despite these facts, plaintiff argues his claims should relate back to the timely filing of his pending state court action against Albany Medical. Federal Rule of Civil Procedure 15(c)(1) provides that an amendment to a pleading may relate back to "the date of the original pleading" for statute of limitations purposes under certain circumstances. One such situation is when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Further, "[w]here an amended pleading changes a party or a party's name, the Rule requires, among other things, that 'the party to be brought in by amendment . . . knew or should have

known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" Krupski v. Costa Crociere S. p. A., --- U.S. ----, ----, 130 S. Ct. 2485, 2489 (2010) (quoting Fed. R. Civ. P. 15(c)(1)(C)).

There is no binding precedent to support plaintiff's theory that his amended federal pleading should relate back to a state court pleading filed in an entirely separate lawsuit. To the contrary, case law in this District provides that an amended pleading filed pursuant to Rule 15(c)(1) will only relate back to the original pleading in that same proceeding. See Rayo v. State of N.Y., 882 F. Supp. 37, 40 (N.D.N.Y. 1995) (McAvoy, C.J.). In Rayo, the plaintiff timely brought a claim in the New York Court of Claims alleging negligence and constitutional violations. Id. at 38. The Court of Claims dismissed the pleading, except to the extent the claim sought recovery for negligence. Id. The plaintiff then filed a complaint in federal court, asserting the same factual allegations and same causes of action. Id. The federal complaint was dismissed based on sovereign immunity because the plaintiff only named New York State. Id. He was given leave to amend, and thereafter filed an amended complaint naming an individual defendant. Id. That defendant then moved to dismiss the § 1983 claims as time-barred. Id. at 39. The plaintiff argued his amended federal pleading should relate back to his original Court of Claims pleading for statute of limitations purposes. Id. Then-Chief District Judge Thomas J. McAvoy held that an amended pleading under Rule 15(c) "does not . . . relate back to any prior proceedings which are not part of the action in question." Id. at 40. The court concluded that plaintiff's amended federal pleading could not relate back to the original New York Court of Claims pleading for statute of limitations purposes. Id.

Plaintiff relies on Mueller v. Long Island R.R. Co., No. 89 Civ.7384, 1997 WL 189123 (S.D.N.Y. Apr. 17, 1997) and Hutchinson v. United States, No. 01-CV-1198, 2004 WL

350576 (E.D.N.Y. Feb. 20, 2004) to support his theory of relation back to state court pleadings. These two cases are unreported and not from courts in this District. The facts and holdings in these cases have been considered and are unpersuasive.

The "original pleading" specified in Rule 15(c)(1) means the original pleading in the lawsuit in which the plaintiff seeks to relate back the amendment. Thus, the "original pleading" here is the initial complaint filed in this District against the Government on February 8, 2011. Even if the relation back requirements under Rule 15(c)(1) were satisfied, the amended complaint (filed March 3, 2011) would only relate back to February 8, 2011, and would still be untimely. February 8, 2011, is well past the date the statute of limitations expired on August 12, 2010.

Therefore defendant Albany Medical's motion for summary judgment on its tenth affirmative defense of statute of limitations will be granted and the medical malpractice claims against Albany Medical will be dismissed. Because the only claims against Albany Medical are those for medical malpractice, the complaint against it will be dismissed.

## IV. CONCLUSION

Because plaintiff's treatment at the VA Hospital and Albany Medical and subsequent injury is related, the malpractice claims against the defendants arise from a common nucleus of operative fact. Thus supplemental jurisdiction is permissible under § 1367(a) and there are no exceptional circumstances which would warrant supplemental jurisdiction to be declined.

While jurisdiction exists over the medical malpractice claims against Albany Medical, they will nevertheless be dismissed because they are time-barred. Applying New York's two and a half year statute of limitations for medical malpractice claims to these facts, Jones'

window for bringing suit against Albany Medical closed at the latest on August 12, 2010. Plaintiff brought this suit against Albany Medical via amended complaint on March 3, 2011—well past the statute of limitations. Finally, Rule 15(c)(1) does not permit an amended federal pleading to relate back to a state court pleading in an entirely separate lawsuit. Even if the Rule 15(c)(1) requirements were satisfied, plaintiff's amended complaint against Albany Medical would only relate back to the "original pleading" filed in this District against the VA Hospital on February 8, 2011, and would still be untimely.

Accordingly, it is

ORDERED that

1. Defendant Albany Medical Center Hospital's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is DENIED;

2. Defendant Albany Medical Center Hospital's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 on its tenth affirmative defense of statute of limitations is GRANTED; and

3. The amended complaint against defendant Albany Medical Center Hospital is DISMISSED.

IT IS SO ORDERED.

United States District Judge

Dated: March 27, 2012
Utica, New York.